IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:14-CR-636-WKW |
| | ) | |
| CHAD LAMAR HOGAN | ) | |

**SUPPLEMENTAL RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On March 3, 2015, Defendant filed a Motion to Suppress (Doc. 19), wherein Defendant seeks "an Order suppressing any items seized, any statements made, and any fruits of those items and statements obtained as a result of [Defendant's] warrantless arrest." Def.'s Mot. (Doc. 19) at 1. The Government responded (Doc. 23) to the motion and, on March 19, 2015, the undersigned conducted an evidentiary hearing on the matter at which the Government presented testimony and evidence in support of the lawfulness of Defendant's arrest. The Government and Defendant both filed post-trial briefs. Gov't's Br. (Doc. 29); Def.'s Br. (Doc. 30).

On May 15, 2015, the undersigned issued a recommendation that the motion to suppress be denied. Rec. (Doc. 33). The parties were directed to file any objections to the Recommendation on or before May 29, 2015. *Id.* at 22. Defendant did not object to the Recommendation, nor did the Government.

On May 28, 2015, more than seventy days after the conclusion of the suppression hearing and after the issuance of the recommendation that his motion be denied, Defendant filed a "Motion to Re-Open Suppression Hearing," wherein Defendant

asserted, for the first time, that he "was not afforded the opportunity to present any evidence" at the prior suppression hearing.  Def.'s Mot. (Doc. 36) at 1.  The Government did not object to the motion.  Gov't's Resp. (Doc. 41).  The District Judge granted the motion "[b]ased upon the consensus between the parties and given the district court's discretion in matters pertaining to the reopening of suppression hearings."  Order (Doc. 42) at 1.  Accordingly, the undersigned held a supplemental suppression hearing on July 14, 2015, at which Defendant was the only witness presented.[1]  *See* Tr. (Doc. 47).

At the conclusion of Defendant's testimony, the court asked Defense Counsel if he had any other arguments to present.  *Id.* at 10.  Defense Counsel responded, "Just those I've already made, Your Honor."  *Id.*  Defense Counsel then expressed that he would like to submit a post-hearing brief, which Defense Counsel stated he could complete in "[a] week to ten days."  *Id.* at 10-11.  The court stated, "Please have it in a week to ten days."  *Id.* at 11.  The Government declined the opportunity to submit additional briefing.  *Id.*

Defense Counsel's self-chosen briefing deadline has come and gone.  Defendant has not yet filed any additional briefing.  Thus, Defendant has failed to present the court with any legal argument since his post-hearing brief filed on March 30, 2015, following the first suppression hearing and prior to this court's Recommendation (Doc. 33).

Based upon the lack of objections made to the Recommendation (Doc. 33) and that no new argument has been presented for the court's consideration, the undersigned

---

[1] The undersigned finds that the testimony presented has no legal effect on the analysis included in the prior Recommendation.

Magistrate Judge stands by his prior Recommendation (Doc. 33) and RECOMMENDS that the motion to suppress (Doc. 19) be DENIED.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 17, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE